

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-6-2008

# Runkey v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1666

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Runkey v. Comm Social Security" (2008). *2008 Decisions.* Paper 707.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/707

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1666

_____

DAVID RUNKEY

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 05-cv-01594)
District Judge: Hon. Alan N. Bloch

_____

Submitted under Third Circuit LAR 34.1 (a)
on March 7, 2008

Before: FISHER, GREENBERG and ROTH, <u>Circuit Judges</u>

(Opinion filed: August 6, 2008)

_____

O P I N I O N

_____

**ROTH,** Circuit Judge**:**

David Runkey appeals an order of the U.S. District Court for the Western District of Pennsylvania affirming a determination of the Commissioner of the Social Security Administration that he is not under a disability. The issue on appeal is whether the determination that Runkey has sufficient residual functional capacity to work is supported by substantial evidence. For the reasons set forth below, we will affirm the order of the District Court.

## I. Background and Procedural History

Because the facts are well known to the parties, we will discuss them only briefly here.

David Runkey applied for Supplementary Security Income payments on January 28, 2003. After his claim was denied, he requested a hearing, which was held before an Administrative Law Judge on December 8, 2004.

A number of medical records were submitted as exhibits at the hearing. The ALJ determined that Runkey had rheumatoid arthritis, which is a "severe" impairment, but not one that meets the list of impairments set forth in the regulations, and that Runkey could not return to his past work. However, the ALJ found that Runkey had the following residual functional capacity: "sedentary level work involving no repetitive bending, no foot/pedal controls, and option to change position (sit/stand) every 15 to 20 minutes." The ALJ concluded that Runkey had the residual functional capacity to perform work that

2

exists in significant numbers in the national economy and therefore that Runkey was not under a disability.

In reaching his conclusion, the ALJ discussed the medical reports. The ALJ found that Runkey's testimony regarding the severity of his pain and total disability was not wholly credible because his testimony regarding pain was vague and his testimony regarding functional limitations was not supported by the contemporaneous medical evidence. The ALJ acknowledged the residual functional capacity assessment by Dr. Bass, one of Runkey's physicians, but declined to "assign any weight" to his opinion, stating, "he has provided no objective evidence to support his assessment and it is outweighed by the balance of the medical evidence."

On December 2, 2005, the Appeals Council denied Runkey's request to review the ALJ's decision. Runkey sought review in the U.S. District Court for the Western District of Pennsylvania. On cross-motions for summary judgment, the District Court affirmed the Commissioner's decision. Runkey timely appealed.

## II. Analysis

We have jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's decision to deny a claimant's application for disability benefits. In so doing, we must determine whether the Commissioner's decision is supported by substantial evidence; we are bound by the ALJ's findings of fact if they are supported by substantial evidence. *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999).

"Substantial evidence has been defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003) (internal quotations omitted). We review the whole record to determine whether the ALJ's decision is supported by substantial evidence. *Id.*

To establish a disability under the Social Security Act, a claimant must show an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A claimant is considered to be under a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." *Id.* at § 423(d)(2)(A).

In this case, the ALJ sufficiently explained his reasons for relying on and rejecting certain evidence, and substantial evidence supports his determination that Runkey is not under a disability. Medical evidence indicated that Runkey had the residual functional capacity to perform light, sedentary work. Even the most recent report from Dr. Bass, whom Runkey identified as his treating physician, described an adequate range of motion in a number of joints and indicated that new treatments were being considered.

4

Furthermore, Runkey himself testified that he was able to go grocery shopping, cook, and volunteer at a food bank.

In addition, the vocational expert testified as to a number of jobs that someone with limitations equivalent to Runkey's could perform. A vocational expert's testimony given in response to a hypothetical "that fairly set[s] forth every credible limitation established by the physical evidence" may be relied upon as substantial evidence that a claimant is not disabled. *Plummer*, 186 F.3d at 431. While it is true, as Runkey points out, that the ALJ failed to include the limitations on climbing, kneeling, or crawling, the jobs identified by the vocational expert did not involve such activities. As such, we cannot say that the ALJ improperly relied on the vocational expert's testimony. The ALJ acknowledged those limitations in his opinion and ultimately concluded that Runkey is capable only of "sedentary level work involving no repetitive bending . . .."

Runkey also faults the ALJ for discrediting his testimony about his pain and Dr. Bass's conclusions as to Runkey's residual functional capacity. However, substantial evidence supports the ALJ's conclusion that Runkey's testimony as to his pain and symptoms was not entirely credible.

## III. Conclusion

For the reasons set forth above, we will affirm the judgment of the District Court.

5